Kirkpatrick C. J.
This was an action of covenant Upon articles of agreement for the sale of lands. By these a^c^es> Rose> plaintiff, was to pay a certain part of purchase-money upon a day therein mentioned, the money t° be lawful currency of New-Jersey. A short time before the day of payment, it was agreed by the defendant, bbat bank-bills should be considered as lawful currency of N&w-Jersey, and be received as such. The plaintiff prepared the bills accordingly; but when the day of payment came, the defendant refused to receive them, alleging that they were not lawful currency, and upon that pretence refused also to convey the land. The plaintiff then brought this action, and upon the trial, offered evidence of these facts, which, though objected to by the. defendant, was admitted by the justice, and thereupon a verdict was rendered, and a judgment entered, for the plaintiff for 80 dollars. And the admission of this evidence is the ground of complaint against this judgment.
It is true that in an action of covenant upon a sealed instrument, we cannot admit evidence of a subsequent parol agreement, substantially changing the terms of the covenant, either as to its nature or as to the time of its • performance. The principal reason given for this, is, that if the party were not bound to rest upon the covenant, as laid in the declaration, but permitted to prove an after *673 and different agreement, the defendant would have no notice of that which he was called upon to answer.
But it would be going very far to apply this doctrine in a case where the after-agreement, if it can be called an after-agreement at all, is merely a designation of the kind of money to be paid in the fulfilment of the covenant. It would be especially hard in this case, where the words of the covenant are, in themselves, rather ambiguous upon that point, and might therefore well be the subject of explanation between the parties. Bank-bills, at the time of this contract, were called money, were received as *money, were convertible into gold and silver coin, nay, indeed, were preferred to coin, as every day’s experience at the counters of the banks abundantly testifies; they were the universal and almost the only currency in New-Jersey. The defendant, some few days before the time of payment, explained to the plaintiff what he intended by lawful currency of New-Jersey, and expressly told him he would receive these bank-bills as such. This was not so much a new agreement, altering the terms and nature of the covenant, as an explanation rendering the mode of performing it more easy and certain, and quite as beneficial to the defendant himself. The plaintiff was to pay precisely the same amount, of the same value, at the same day, and in fulfilment of the same covenant. Shall the defendant then, after having made this explanation, and after the plaintiff had prepared these bills, be at liberty to reject them, and insist upon other money ? Shall he be permitted, by a fetch like this, totally to defeat the plaintiff of the benefit of his covenant? In my view of the case, the justice was right in letting in the proof of this explanation as to the money, and in submitting to the jury, whether under all the circumstances of the case, there was not a complete performance according to the true intent of the covenant. And entertaining this view of it, I think the judgment must be affirmed.
Southard J.
This was an action brought by the vendee against the vendor, for not performing an agreement in writing under seal, for the sale of certain lands. The *674 state of demand, which, contains all the legal requisites - for such a case, among other things sets out, that the plaintiff was to pay “ twenty dollars per acre for the land, the money to be lawful currency of the state of New-Jersey,” and that it was to be paid on the delivery of the deed, which was to be delivered on a day stated-in the agreement. At the trial, in making out his case, the plaintiff offered to prove, and though objected to, was permitted to prove, “ a subsequent agreement between the parties, that the defendant, about two weeks before the day of payment, agreed to take bank-bills in the place of lawful currency of this state.”
There were verdict and judgment for the plaintiff, for 80 dollars.
The only question raised on this judgment, was upon the competency of the evidence. I think the evidence incompetent. The *plaintiff was bound to make out, by proof, the case which he had charged in his state of demand. And in order to sustain his claim, he was also bound to shew himself ready, at the day, to perform his part of the covenants. To shew this readiness, it was not right for him to contradict his own case, and prove that defendant had agreed to accept a different consideration from the one stated in the covenant and in his state of demand. The evidence was therefore, I apprehend, inadmissible.
Judgment affirmed.